UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAENA TRIPP,

     Plaintiff,

vs.                                      CASE NO.: 8:24-cv-02010-TPB-UAM

HOLIDAY CVS, LLC, and
UNKNOWN STORE MANAGER,

     Defendants.

_____/

## DEFENDANT HOLIDAY CVS, LLC'S MOTION IN LIMINE RE MEDICARE AND LETTERS OF PROTECTION, WITH INCORPORATED MEMORANDUM OF LAW

Defendant, HOLIDAY CVS, LLC ("CVS"), by and through its undersigned attorneys, respectfully requests this Court to enter an order limiting evidence, argument, witness questioning, and comment by counsel at any time regarding any of Plaintiff's costs for medical treatment or services in the following manner:

(1) Evidence offered to prove the amount of damages for past medical treatment or services that have been satisfied should be limited to evidence of the amount actually paid, regardless of the source of payment. Fla. Stat. § 768.0427(2)(a).

(2) Evidence of the amount necessary to satisfy unpaid charges for incurred medical treatment or services should be excluded because at all times material to

this lawsuit, Plaintiff had health care coverage through Medicare, and yet Plaintiff has failed to put on record the only evidence that would be admissible under Florida law. Fla. Stat. § 768.0427(2)(b)(3).

(3) Evidence offered to prove the amount of damages for any future medical treatment or services the claimant will receive should be excluded because Plaintiff at all times material to this lawsuit had health care coverage through Medicare, and yet has failed to put on record the only evidence that would be admissible under Florida law. Fla. Stat. § 768.0427(2)(c)(2).

(4) Any claim for medical expenses for treatment rendered under a Letter of Protection should be excluded, because Plaintiff failed to comply with the conditions precedent to filing such a claim in this lawsuit. Fla. Stat. § 768.0427(3).

In support, CVS states the following:

1.      This is an action for personal injury.

2.      Recently enacted tort reform has dramatically affected the admissibility of damages in personal injury cases under Florida law. [1]

---

1 This motion is **not** arguing for retroactive application of Florida House Bill 837, because there is no question whatsoever that Florida Statute section 768.0427 was in effect on March 25, 2023, and that this present lawsuit was filed on July 25, 2024, over a year later. Fla. H.R. 837, 2023 Reg. Sess., sections 30-31, indicating that except as otherwise expressly provided in the act, the act applies to causes of action filed after the effective date of the act, effective upon becoming law (March 24, 2023). Section 6 creating Fla. Stat. § 768.0427 does not contain any contrary express provision as to the effective date.

Pursuant to Florida Statute 768.0427(4):

DAMAGES RECOVERABLE FOR MEDICAL TREATMENT OR SERVICE EXPENSES.—The damages that may be recovered by a claimant in a personal injury or wrongful death action for the reasonable and necessary cost or value of medical care rendered may not include any amount in excess of the evidence of medical treatment and services expenses admitted pursuant to subsection (2), and also may not exceed the sum of the following:
(a)  Amounts actually paid by or on behalf of the claimant to a health care provider who rendered medical treatment or services;
(b)  Amounts necessary to satisfy charges for medical treatment or services that are due and owing but at the time of trial are not yet satisfied; and
(c)  Amounts necessary to provide for any reasonable and necessary medical treatment or services the claimant will receive in the future.

Flat. Stat. § 768.0427(4).

"The law restricts admissible evidence of medical damages in personal injury actions to amounts actually paid or those that the claimant would be obligated to pay. . . .  In essence, it reverses application of the collateral source doctrine. Under pre-existing Florida law, collateral sources are used by the court to reduce a jury's award post verdict. . . . Under § 768.0427, however, collateral sources are considered by the jury in its determination of damages."

*Pinckard v. Line,* Case No: 5:22-cv-304-GAP-PRL, 2023 U.S. Dist. LEXIS 244057, at *2 (M.D. Fla. August 7, 2023). Thus, it "significantly change[s] the proof of damages in a Florida personal injury trial." *Id.*

It has always been the case under Florida law that to recover damages, the burden is on the plaintiff to produce evidence supporting damages, a burden which is not shifted to the defendant. *Albertson's Inc. v. Brady,* 457 So. 2d 986, 988 (Fla. 2d DCA 1985). Thus, it is Plaintiff's burden to determine and present evidence

Page 3 of 11

to the jury of the amount of alleged damages.

3.      Admissible evidence of the damages for past or future medical services or treatment is thus limited by Florida law.

> "ADMISSIBLE EVIDENCE OF MEDICAL TREATMENT OR SERVICE EXPENSES. — Evidence offered to prove the amount of damages for past or future medical treatment or services in a personal injury or wrongful death action is admissible as provided in this subsection."

Fla. Stat. 768.0427(2) (in part)

4.      Evidence of the amount for <u>past paid</u> medical treatment or services should be limited to the amount actually paid.

> "Evidence offered to prove the amount of damages for past medical treatment or services that have been satisfied is limited to evidence of the amount actually paid, regardless of the source of payment."

Fla. Stat. § 768.0427(2)(a).

Plaintiff testified she made no out of pocket payments, for example, by co-pays or other out of pocket payments.

"16   Q.      And have you paid any of that out-of-pocket?

 17   A.      No, sir."

*Transcript of Plaintiff's Deposition on August 22, 2025,* at Exhibit "A," 73:16-17.

"I haven't paid anything out-of-pocket." *Id.,* 74:13.

Plaintiff testified she was covered by Medicare at all times material to this lawsuit. *Id.,* 9:8-21. (Plaintiff was 65 at the time of the subject incident.) Yet Plaintiff

testified she did not know whether any payments were made by Medicare. *Id.*, 73:23-74:7. Plaintiff has actually produced in discovery a statement from Medicare ("Centers for Medicare and Medicaid Services"/CMS) as to how much Medicare paid for her treatment: 0. *See* CMS Statement at Exhibit "B." Plaintiff produced an EXL Health fax, which possibly reflects Medicare Advantage payments in the amount of $383.43. *See* Exhibit "C."

Accordingly, if Plaintiff is not able to put on record of any evidence of payments that have been made by Medicare, no such evidence should be admissible at trial. If Plaintiff is able to provide evidence of payment by Medicare, only such evidence should be admissible.

5. For <u>past unpaid</u> charges, because Plaintiff was at all material times covered by Medicare, the following applies:

> "Evidence offered to prove the amount necessary to satisfy unpaid charges for incurred medical treatment or services shall include, but is not limited to, evidence as provided in this paragraph.
>
> . . .
>
> If the claimant . . . has health care coverage through Medicare . . . , evidence of 120 percent of the Medicare reimbursement rate in effect on the date of the claimant's incurred medical treatment or services, or, if there is no applicable Medicare rate for a service, 170 percent of the applicable state Medicaid rate."
>
> Fla. Stat. §§ 768.0427(2)(b) and 768.0427(2)(b)(3).

Plaintiff has failed to put on record such evidence of Medicare reimbursement rates for her past medical treatment or services. Thus, because Plaintiff has failed to introduce this evidence of her damages, which it is her burden to produce, evidence of the amount of unpaid bills for Plaintiff's past medical treatment should be excluded.

6.    Because she was at all material times covered by Medicare, the following applies to Plaintiff's <u>future</u> charges:

> "Evidence offered to prove the amount of damages for any future medical treatment or services the claimant will receive shall include, but is not limited to, evidence as provided in this paragraph.
>
> . . .
>
> If the claimant . . . has health care coverage through Medicare . . . , or is eligible for such health care coverage, evidence of 120 percent of the Medicare reimbursement rate in effect at the time of trial for the medical treatment or services the claimant will receive, or, if there is no applicable Medicare rate for a service, 170 percent of the applicable state Medicaid rate."

> Fla. Stat. §§ 768.0427(2) and 768.0427(2)(c).

Because Plaintiff has failed to put on record evidence to prove the amount insurance would pay for future medical treatment or services, which it is her burden to produce, evidence of the amount of future damages for Plaintiff's medical treatment and services should be excluded.

7.    Plaintiff has failed to put on record or disclose to CVS the information required under Florida Statute 768.0427(3) for Letters of Protection:

"LETTERS OF PROTECTION; REQUIRED DISCLOSURES.—In a personal injury or wrongful death action, as a condition precedent to asserting any claim for medical expenses for treatment rendered under a letter of protection, the claimant must disclose:

(a)   A copy of the letter of protection.

(b)   All billings for the claimant's medical expenses, which must be itemized and, to the extent applicable, coded according to:

1.   For health care providers billing at the provider level, the American Medical Association's Current Procedural Terminology (CPT), or the Healthcare Common Procedure Coding System (HCPCS), in effect on the date the services were rendered.

2.   For health care providers billing at the facility level for expenses incurred in a clinical or outpatient setting, including when billing through an Ambulatory Payment Classification (APC) or Enhanced Ambulatory Patient Grouping (EAPG), the International Classification of Diseases (ICD) diagnosis code and, if applicable, the American Medical Association's Current Procedural Terminology (CPT), in effect on the date the services were rendered.

3.   For health care providers billing at the facility level for expenses incurred in an inpatient setting, including when billing through a Diagnosis Related Group (DRG), the International Classification of Diseases (ICD) diagnosis and procedure codes in effect on the date in which the claimant is discharged."

Plaintiff admitted to treatment subject to a lien, regardless of whether she knew of signed Letters of Protection for some of her treatment. *See* Plaintiff's Response to Request for Admissions at Exhibit "D," # 7; Plaintiff's Amended Responses to Interrogatories at Exhibit "E." However, billing information about the Letter of Protection treatment was not itemized or coded as required by Florida law. Thus, all evidence of the cost of such treatment must be excluded because Plaintiff failed to comply with the conditions precedent to filing such a claim in this lawsuit. Fla. Stat. § 768.0427(3).

Page 7 of 11

Even if Plaintiff had provided itemized and coded information about Plaintiff's treatment under Letters of Protection, any evidence of past or future costs of medical treatment or services would be limited as indicated in Fla. Stat. § 768.0427(2) as explained above, because Plaintiff was covered by Medicare, and Plaintiff would be limited to introducing the applicable Medicare or Medicaid reimbursement rate for each itemized, coded treatment or service. However, Plaintiff has failed to put any such evidence on record; therefore, such treatment and services under Letters of Protection must be excluded for that reason also.

8.      Plaintiff's failure to use Medicare and her use of Letters of Protection impact the questions of damages in this case, because seeking treatment without using Medicare that was available to her may have resulted in significantly inflated bills for the same services and treatment than what they would have been had they been submitted to Medicare. Such inflated costs would always have been inadmissible under Florida law because Plaintiff had a duty to mitigate her damages, in accordance with the "doctrine of avoidable consequences," which "prevents a party from recovering those damages inflicted by a wrongdoer that the injured party could have reasonably avoided." *Sys. Components Corp. v. Fla. Dep't of Transp.*, 14 So. 3d 967, 982 (Fla. 2009), quoting The Florida Bar, Florida Civil Practice Damages § 2.43, at 2-30 (6th ed. 2005). This doctrine does not reduce damages "based on what 'could have been avoided' through Herculean efforts."

*Id.*, citing *Thompson v. Fla. Drum Co.*, 651 So. 2d 180, 182 (Fla. 1st DCA 1995). Instead, a plaintiff is responsible only for those damages that she could have avoided had she exercised "ordinary and reasonable care." *Id. See also Penton Bus. Media Holdings, LLC v. Orange Cty.*, 236 So. 3d 495 (Fla. 5th DCA 2018).

Clearly, it would not have been a Herculean effort for Plaintiff to use Medicare, and considering the expense of her medical treatment, it would have been an exercise of ordinary and reasonable care to do so. Medicare would have been able to negotiate and achieve lower rates, thus resulting in a lower overall cost of care. Plaintiff ought to have used Medicare rather than accept higher rates through a Letter of Protection or other means of payment, and she should not be rewarded with a windfall for failing to do so.

"[I]n a personal injury action, "[t]he patient's obligation is not to pay whatever the provider demands, but only a reasonable amount." *Walerowicz v. Armand-Hosang*, 248 So. 3d 140, 143 (Fla. 4th DCA 2018), citing *Columbia Hosp. (Palm Beaches) Ltd. P'ship v. Hasson*, 33 So. 3d 148, 150 (Fla. 4th DCA 2010). "Thus, in Florida, the plaintiff's burden to prove the reasonableness and necessity of medical expenses 'requires more than just evidence of the amount of the bill to establish that reasonableness.'" *Id.*, citing *E. W. Karate Ass'n, Inc. v. Riquelme*, 638 So. 2d 604, 605 (Fla. 4th DCA 1994).

WHEREFORE, Defendant, HOLIDAY CVS, LLC, respectfully moves this Court for the entry of an order prohibiting the use of any evidence, argument, testimony, or proof in the trial in this matter not to include, mentioning, referring to, interrogating, implying, offering into evidence, or otherwise attempting to convey to the jury in any manner, shape, or form, either directly or indirectly, (1) evidence of the amount for past medical treatment or services that have been satisfied other than evidence of what Plaintiff or Medicare actually paid; (2) evidence of the amount necessary to satisfy unpaid charges for incurred medical treatment or services or future medical treatment or services Plaintiff will receive; and (3) any amounts for Plaintiff's past or future medical treatment if covered by a Letter of Protection as defined by Florida Statute 768.0427(1)(d); and for such other and further relief as this Court deems just and proper.

Date: November 25, 2025          Respectfully submitted,

/s/ R. Gavin Mackinnon_____
R. GAVIN MACKINNON, ESQUIRE
Florida Bar No. 0227810

**Local Rule 3.01(g) Certification**

On November 11, 2025, undersigned counsel conferred with counsel for Plaintiff by telephone to discuss the appear inflation of Plaintiff's economic damages, the non-compliance with the applicable law and the need to bring the

matter before the Court and the parties were unable to agree to the relief being sought herein.

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

GOLDBERG SEGALLA, LLP
800 N. Magnolia Avenue | Suite 450
Orlando, FL 32801
Telephone: (407) 458-5600
E-Service Email:
ORLpleadings@goldbergsegalla.com
Secondary Emails:
gmackinnon@goldbergsegalla.com
gjordan@goldbergsegalla.com

*/s/ R. Gavin Mackinnon*_____
R. GAVIN MACKINNON, ESQUIRE
Florida Bar No. 0227810
GREGORY E. JORDAN, ESQUIRE
Florida Bar No.: 112979

# EXHIBIT A

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE No. 8:24-CV-02010-TPB-UAM

NAENA TRIPP,

        Plaintiff,

-vs-

HOLIDAY CVS, LLC, and UNKNOWN STORE MANAGER,

        Defendants.

_____

VIDEO-RECORDED REMOTE DEPOSITION OF NAENA TRIPP

(VIA ZOOM)

Friday, August 22, 2025

9:59 - 12:10 p.m.

Reported By:

Dawn Bachinski, RPR,CRR,CRC

Notary Public, State of Florida

Job #1385165

MAGNA LEGAL SERVICES

866-624-6221

www.MagnaLS.com



APPEARANCES:


On behalf of the Plaintiff:


     MICHELLE D. LAMBO, ESQUIRE
     Morgan & Morgan, P.A.
     201 N. Franklin Street, 7th Floor
     Tampa, FL  33602
     Email: MLambo@ForThePeople.com
     Phone: 813-393-5460



On behalf of the Defendants:


     GREGORY E. JORDAN, ESQUIRE
     Goldberg Segalla, LLP
     800 N. Magnolia Avenue, Suite 450
     Orlando, FL  32801
     Email: GJordon@GoldbergSegalla.com
     Phone: 407-458-5600




ALSO PRESENT:

     KYLE PHILLIPS, VIDEOGRAPHER





Page 4

P R O C E E D I N G S

- - -

Deposition taken before Dawn Bachinski, Certified Realtime Reporter and Notary Public in and for the State of Florida at Large, in the above cause.

- - -

THE VIDEOGRAPHER:  Good morning.  We are now on the record.  This begins media unit number one in the deposition of Naena Tripp, in the matter of Naena Tripp vs. Holiday CVS, LLC, et al.  Today is August 22, 2025 and the time is 9:59 a.m. Eastern.  This deposition is being taken remotely via Zoom.

The videographer is Kyle Phillips, of Magna Legal Services, and the court reporter is Dawn Bachinski, of Magna Legal Services.  Will counsel and all parties present state their appearance and whom they represent.

MR. JORDAN:  Greg Jordan for Holiday CVS.

MS. LAMBO:  Good morning, Michelle Lambo, and I am here on behalf of the Plaintiff, Naena Tripp.

THE VIDEOGRAPHER:  Will the court reporter please swear in the witness.

Thereupon,

(NAENA TRIPP)

having been first duly sworn or affirmed, was examined



and then we don't have to --

A.    That's fine; yes, sir.

Q.    Okay; thank you.

A.    Yes.

Q.    Have you ever lived in any other state besides Florida?

A.    No, sir.

Q.    Do you presently have health insurance?

A.    Yes, sir.

Q.    And what is it?

A.    Medicare is my primary and Humana Gold Plus is my supplemental insurance.

Q.    And you don't have any private insurance of any kind?

A.    No, sir.

Q.    Okay.  And how long have you been covered with Medicare?

A.    Since I was 65; two years, a year and-a-half.

Q.    Okay.  And is that the same for the Humana Gold Plus supplemental?

A.    Yes, sir; yes.  Yes, sir.

Q.    Have you ever filed for Social Security Disability?

A.    No, sir.

Q.    I'm assuming you don't have short-term



Q.   Do you do any exercises at home?  Sometimes physical therapy will recommend things to do at home.

A.   Yeah, as I mentioned with the groin area, you know, I do try to stretch in the morning to stretch out the groin area so it's not uncomfortable to walk.

Q.   Okay.  Are there any activities that you can no longer do at all since the incident that you were able to do before the incident?

A.   No, no.  Basically I just walk my dog in the morning and when I get home from work.  They are both 15-minute walks, and that's it.

Q.   Okay.  Do you know what your total medical expenses are related to treatment for this incident?

A.   Well, last time I heard they were around $80,000.

Q.   And have you paid any of that out-of-pocket?

A.   No, sir.

Q.   Have you paid anything out-of-pocket?

A.   No, sir.

Q.   Do you know if there are any outstanding bills right now?

A.   I haven't received any.

Q.   Did you use Medicare to pay for any of your treatment?

A.   I do not know.  I know that I received a



Page 74

couple of notices within the last few years.  CMS or CSM, something like that, but they do not know -- I'm sorry, I thought I had the phone turned off.  But they didn't know what -- No, I haven't seen any bills from or if Medicare has taken care of anything; I do not know.  I do not know if Humana has assumed any type of payment for the bills; I do not know.

Q.  So do you know how all of your treatment has been paid up until now?

A.  No, sir.  I know when I go in, like with the Tampa Bay Spine & Injury, they don't collect a copay.  Usually a specialist is, I think a $10 or a $20 copay, but I haven't paid anything out-of-pocket.

Q.  Okay.  Do you know if your attorney is offering to pay any of your treatment providers?

A.  I do not know that yet.

Q.  Are you on any social media, like Facebook or --

A.  No, no; no, sir.

Q.  I don't think I have anymore questions; let me double check.  No, it looks like I can't see any more questions at this moment.

MR. JORDAN:  Michelle, do you have any followup questions?

MS. LAMBO:  I do.



# EXHIBIT B



**CMS** — CENTERS FOR MEDICARE & MEDICAID SERVICES

**COB&R** — Coordination of Benefits and Recovery

# Payment Summary Form

| | | |
|---|---|---|
| Report Number: | RMCAN - 5-5 | |
| Contractor: | NGHP | Date:: 09/15/2023 |
| | | Time:    06:15:14 |
| | | Page 4 of 4 |

| | | | |
|---|---|---|---|
| Beneficiary Name: | TRIPP, NAENA L | Case ID: | 20232 49090 00461 |
| Beneficiary Medicare ID: | ▮▮▮▮▮ | Case Type: | L – Liability |
| | | Date of Incident: | 10/14/2022 |

Reported Diagnosis Codes:    M546, M549, S199XXA, S3992XA, S6990XA, S79919A

| TOS | ICN | Line # | Processing Contractor | Provider Name/NPI# | ICD Ind | ***DX Codes | **HCPCS / CPT/DRG | From Date | To Date | Total Charges | Reimbursed Amount | Conditional Payment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**H - HCPCS Code, D - DRG Code
  CPT only copyright 2023 American Medical Association. All rights reserved. CPT is a registered trademark of the American Medical Association.
  Applicable FARS\DFARS Restrictions Apply to Government Use.
***Part-A Claim Primary Diagnosis Code is denoted in bold font

| | |
|---|---|
| Sum of Total Charges | $0.00 |
| Total Reimbursed Amount | $0.00 |
| Total Conditional Payments | $0.00 |



*8V2023251000100035*

# EXHIBIT C



111 Ryan Court, Suite 200
Pittsburgh, PA 15205
Telephone: 855-278-5875
Fax: (877) 636-2685
Hearing and/or speech impaired: (866) 650-2001

THE MATERIALS TRANSMITTED BY THIS FACSIMILE ARE SENT BY AN ATTORNEY'S AGENT, AND ARE CONSIDERED CONFIDENTIAL AND ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED. IF THE ADDRESSEE IS A CLIENT, THESE MATERIALS MAY ALSO BE SUBJECT TO APPLICABLE PRIVILEGES.  IF THE RECIPIENT OF THESE MATERIALS IS NOT THE ADRESSEE, OR THE EMPLOYEE THE AGENT RESPONSIBLE FOR THE DELIVERY OF THESE MATERIALS TO THE ADDRESSEE, YOU SHOULD BE AWARE THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATIONIS STRICTLY PROHIBITED.  THIS INFORMATION HAS BEEN DISCLOSED TO YOU FROM RECORDS WHOSE CONFIDENTIALITY MAY BE PROTECTED BY STATE AND FEDERAL LAW.  ANY FURTHER DISCLOSURE OF THIS INFORMATION WITHOUT THE PRIOR WRITTEN CONSENT OF THE PERSON TO WHOM IT PERTAINS MAY BE PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US AT (855) 278-5875 AND RETURN THE TRANSMITTED MATERIALS TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  WE WILL REIMBURSE YOUR COSTS INCURRED IN CONNECTION WITH THIS ERRONEOUS TRANSMISSION AND THE RETURN OF THESE MATERIALS.  THANK YOU.

# FACSIMILE COVER SHEET

**To:**            Aryeh Frank

**Fax Number:**    (813) 424-5673

**Company:**       **EXL Health**

**Date:**          March 6, 2025

**Total Pages (Including Cover Sheet):**5

**PLEASE REPORT PROBLEMS WITH RECEPTION BY CALLING (855) 278-5875 AS SOON AS POSSIBLE.**

**Messsages to Receiving Party:**

Member:  Tripp, Naena

 

Please return mail to:
111 Ryan Court, Suite 300
Pittsburgh, PA 15205

March 6, 2025

Aryeh  Frank, Esquire
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, FL  33602

**Re:**
**Member:  Tripp, Naena**
**ID No.:** ████████
**Date of Injury:  October 14, 2022**

Dear Attorney Frank:

Please be advised that Humana has chosen EXL Health to assist in the review of medical and/or pharmacy claims.

Humana has agreed to accept $383.43 to satisfy their subrogation lien.  This amount is being accepted on your assurances or those of Naena Tripp that:

_____ 1) All claims for treatment as a result of this injury have been submitted by the providers and paid by Humana; **OR**

_____ 2) The following claims are believed to be outstanding (please provide the name of the provider and the date of service); **AND**

_____ 3) The last date of treatment for this date of injury was _____.

Please issue a draft made payable to **EXLservice.com LLC** in the **net** amount of $383.43 and forward it to the address indicated above.  If you are unable to make payment within the next 30 days, please contact us to advise when payment can be expected.

Please complete the information below and acknowledge acceptance of these terms on behalf of your client with your signature below and fax it back to our office at 877-636-2685.

Thank you for your attention to this matter.

Very truly yours,

EXL Health

Abida David
Claims Recovery Specialist
Phone: (844) 208-6518  Extn. 52097
Fax: 844-465-0979

_____     _____
Aryeh  Frank, Esquire                    Date

You can reach us @ 855-278-5875 or Login into https://reachsubro.exlservice.com/ to submit your query or Scan QR Code

E-mail: EXL.subromail@exlservice.com          Website: www.exlservice.com
Phone: (855) 278 – 5875                       Fax:  (877) 636 – 2685

1PAFinalLien                                  501919031

## Claim Report

### Humana – Medicare

| | | | |
|---|---|---|---|
| **Report Date:** | 3/6/2025 | | |
| **Patient Name:** | Naena Tripp | | |
| **Subscriber Name:** | Naena Tripp | | |
| **Patient Identification No:** | ███████ | | |
| **Subscriber Identification No:** | ██████████ | | |

| | |
|---|---|
| **Partial Payments Received** | $0.00 |
| **Non-Recoverable Amount** | $0.00 |
| **Balance Due** | $383.43 |

**\* Preliminary Subrogation Claim**

$383.43

**Group/Plan Number:**  ████████

**Injury Date:** 10/14/2022

| Provider | Claim No | Date of Service Beginning | Date of Service Ending | Charge | Amount Paid | Date Paid | Recovered Amount | Balance Amount | Primary DX | Secondary DX | Other Diagnosis Codes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SAINT PETE MRI – 1972518405 750 94TH AVE N STE 206 ST PETERSBURG, FL 33702 | 820233451350438 | 12/8/2023 | 12/8/2023 | $2,450.00 | $103.51 | 12/14/2023 | $0.00 | $103.51 | S52.612A Displaced fracture of left ulna styloid process, initial encounter for closed fracture | W01.0XXA Fall on same level from slipping, tripping and stumbling without subsequent striking against object, initial encounter | \| |
| SAINT PETE MRI – 1972518405 750 94TH AVE N STE 206 ST PETERSBURG, FL 33702 | 820240081129946 | 1/5/2024 | 1/5/2024 | $2,450.00 | $59.41 | 1/11/2024 | $0.00 | $59.41 | M50.222 Other cervical disc displacement at C5-C6 level | M50.223 Other cervical disc displacement at C6-C7 level | \| |
| NGUYEN DZI VIET P DO – 1265698294 PO BOX 9194 BELFAST, ME 04915 | 820240850708088 | 3/20/2024 | 3/20/2024 | $780.00 | $121.33 | 3/25/2024 | $0.00 | $121.33 | S52.522A Torus fracture of lower end of left radius, initial encounter for closed fracture | M24.832 Other specific joint derangements of left wrist, not elsewhere classified | M25.532\| |

Page 1 of 3

THIS INFORMATION HAS BEEN DISCLOSED TO YOU FROM RECORDS WHOSE CONFIDENTIALITY MAY BE PROTECTED BY STATE AND FEDERAL LAW. ANY FURTHER DISCLOSURE OF THIS INFORMATION WITHOUT THE PRIOR WRITTEN CONSENT OF THE PERSON TO WHOM IT PERTAINS MAY BE PROHIBITED.

\* We reserve the right to provide you with  and shall expect you to request an updated subrogation lien amount prior to final settlement of the subrogation case with our organization.

© Copyright 2024, ExlService Holdings, Inc. All rights reserved.

## Claim Report

### Humana – Medicare

| | |
|---|---|
| **Report Date:** | 3/6/2025 |
| **Patient Name:** | Naena Tripp |
| **Subscriber Name:** | Naena Tripp |
| **Patient Identification No:** | ██████ |
| **Subscriber Identification No:** | ██████ |

| | |
|---|---|
| *Partial Payments Received* | $0.00 |
| *Non-Recoverable Amount* | $0.00 |
| *Balance Due* | $383.43 |

| *\* Preliminary Subrogation Claim* |
|---|
| $383.43 |

**Group/Plan Number:** ██████

**Injury Date:** 10/14/2022



| Provider | Claim No | Date of Service Beginning | Date of Service Ending | Charge | Amount Paid | Date Paid | Recovered Amount | Balance Amount | Primary DX | Secondary DX | Other Diagnosis Codes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Nguyen Dzi Viet P Do – 1265698294 Po Box 9194 Belfast, ME 04915 | 8202410207685 47 | 4/10/2024 | 4/10/2024 | $460.00 | $74.66 | 4/11/2024 | $0.00 | $74.66 | S52.522A Torus fracture of lower end of left radius, initial encounter for closed fracture | M24.832 Other specific joint derangements of left wrist, not elsewhere classified | | |
| --- | B226903612031 001 | 10/17/2022 | 10/17/2022 | $8.13 | $8.13 | 10/18/2022 | $0.00 | $8.13 | 68382-0916-34 methylPREDNISolone Oral Tablet Therapy Pack 4 MG | | 000006403020| |
| --- | B436931896591 001 | 10/20/2023 | 10/20/2023 | $1.44 | $1.44 | 10/21/2023 | $0.00 | $1.44 | 69097-0158-15 Meloxicam Oral Tablet 7.5 MG | | 000003419865| |
| --- | B436933475221 001 | 10/20/2023 | 10/20/2023 | $8.29 | $8.29 | 10/21/2023 | $0.00 | $8.29 | 68382-0916-34 methylPREDNISolone Oral Tablet Therapy Pack 4 MG | | 000003419864| |
| --- | B537131970481 001 | 11/9/2023 | 11/9/2023 | $1.13 | $1.13 | 11/10/2023 | $0.00 | $1.13 | 69097-0159-15 Meloxicam Oral Tablet 15 MG | | 000003425836| |

Page 2 of 3

THIS INFORMATION HAS BEEN DISCLOSED TO YOU FROM RECORDS WHOSE CONFIDENTIALITY MAY BE PROTECTED BY STATE AND FEDERAL LAW. ANY FURTHER DISCLOSURE OF THIS INFORMATION WITHOUT THE PRIOR WRITTEN CONSENT OF THE PERSON TO WHOM IT PERTAINS MAY BE PROHIBITED.

\* We reserve the right to provide you with and shall expect you to request an updated subrogation lien amount prior to final settlement of the subrogation case with our organization.
© Copyright 2024, ExlService Holdings, Inc. All rights reserved.

## Claim Report

### Humana – Medicare

| | | |
|---|---|---|
| **Report Date:** | 3/6/2025 | |
| **Patient Name:** | Naena Tripp | |
| **Subscriber Name:** | Naena Tripp | |
| **Patient Identification No:** | █████████ | |
| **Subscriber Identification No:** | █████████ | |

| | | | |
|---|---|---|---|
| **Partial Payments Received** | $0.00 | **\* Preliminary Subrogation Claim** | |
| **Non-Recoverable Amount** | $0.00 | | |
| **Balance Due** | $383.43 | $383.43 | |

**Group/Plan Number:** █████████

**Injury Date:** 10/14/2022

| Provider | Claim No | Date of Service Beginning | Date of Service Ending | Charge | Amount Paid | Date Paid | Recovered Amount | Balance Amount | Primary DX | Secondary DX | Other Diagnosis Codes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| --- | B244479698721 001 | 2/16/2024 | 2/16/2024 | $7.03 | $5.53 | 2/17/2024 | $0.00 | $5.53 | 00378-0345-05 diazePAM Oral Tablet 5 MG | | 000003452374| |

Page 3 of 3

THIS INFORMATION HAS BEEN DISCLOSED TO YOU FROM RECORDS WHOSE CONFIDENTIALITY MAY BE PROTECTED BY STATE AND FEDERAL LAW. ANY FURTHER DISCLOSURE OF THIS INFORMATION WITHOUT THE PRIOR WRITTEN CONSENT OF THE PERSON TO WHOM IT PERTAINS MAY BE PROHIBITED.

\* We reserve the right to provide you with  and shall expect you to request an updated subrogation lien amount prior to final settlement of the subrogation case with our organization.
© Copyright 2024, ExlService Holdings, Inc. All rights reserved.

# EXHIBIT D

**UNITED STATES DISTRIC COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NAENA TRIPP,**

      **PLAINTIFF,**

                                      **CASE NO.:  8:24-cv-02010-TPB-UAM**

**-vs-**

**HOLIDAY CVS, LLC and**
**UNKNOWN STORE MANAGER,**

      **DEFENDNANTS.**
                                         /

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, NAENA TRIPP (hereinafter "Plaintiff"), by and through her undersigned counsel, and hereby files her responses to Defendant's Request for Admissions dated December 10, 2024, and in support thereof states as follows:

1. At the time and place of the incident described in your Complaint, you failed to observe an open and obvious condition on CVS's premises.

**Response:** Denied.

2. At the time and place of the incident described in your Complaint, you were not using due care.

**Response:** Denied.

3. At the time and place of the incident described in your Complaint, your use of due care would have prevented the injury and/or damage alleged in your Complaint.

**Response:** Denied.

4. Your failure to use due care was the cause of the incident described in your Complaint.

**Response:** Denied.

5. CVS did not breach any duty to you that was a legal cause of the injuries you are claiming in this lawsuit.

**Response:** Denied.

6. You did not sustain permanent injuries as a result of the subject incident.

**Response:** Denied.

7. One or more of your medical providers has a letter of protection in their favor, for your care and/or treatment for injuries or damage you claim are a result of the incident which is the subject of this lawsuit.

**Response:** Admitted Plaintiff received medical treatment that is subject to a lien by the following providers: Surgery Consultants, Physicians Group, and TB Spine & Sport. Please see "Medical Bills" (Exhibit 1) and "Medical Records" (Exhibit 2) produced by Plaintiff to Defendant on January 28, 2025. Plaintiff has no knowledge whether a "Letter of Protection" was signed.

8. You did not lose any wages or income as a result of the subject incident.

**Response:** Denied. Plaintiff lost income from October 2022 – June 2023.

9. Your earning capacity was not reduced or impaired as a result of the subject incident.

**Response:** Denied.

10. You have been involved in one (1) or more motor vehicle accident subsequent to the incident that is the subject of this lawsuit.

**Response:** Denied.

11. You have been involved in one (1) or more motor vehicle accidents prior to the incident that is the subject of this lawsuit.

**Response:** Denied.

12. You have had one (1) or more slip and falls or trip and falls prior to the subject incident.

**Response:** Denied.

13. You have had one (1) or more slip and falls or trip and falls subsequent to the subject incident.

**Response:** Denied.

14. Some of your injuries you are claiming damages for in his matter pre-existed the subject incident.

**Response:** Denied.

15. You have been involved in one (1) or more events causing physical injury to yourself and causing the need for emergency or urgent care prior to the subject incident.

**Response:** Denied.

16. You have been involved in one (1) or more events causing physical injury to yourself causing the need for emergency or urgent care subsequent to the subject incident.

**Response:** Denied.

17. Prior to the subject incident which is referenced in your Complaint, you sustained an injury to the same body part(s) you are alleging to in this lawsuit.

**Response:** Denied.

18. You have received medical attention prior to the subject accident referenced in your Complaint from a medical provider, including, but not limited to, chiropractor, psychiatrist/therapist, neurologist, orthopedic, surgeon, primary care physician or family physician for some or all of the injuries you are claiming in this matter.

**Response:**  Denied.

19. One (1) or more of your prior treating physicians opined that you sustained significant and permanent injuries as a result of your prior motor vehicle accident(s), slip and fall(s), trip and fall(s) and/or events causing physical injury.

**Response:**  Denied.

20. You have previously been involved in litigation where you sued someone for personal injury damages.

**Response:**  Denied.

21. You have previously settled a claim either pre-suit or during litigation for personal injury.

**Response:**  Denied.

22. You received or are entitled to receive benefits from a collateral source, as defined by Florida Statute 768.76, for medical bills, loss of wages or income alleged to have been incurred as a result of the incident described in your Complaint.

**Response:**  Admit.

23. You received or are entitled to receive benefits pursuant to a personal or group health insurance policy or policies for medical bills alleged to have been incurred as a result of the incident described in your Complaint.

**Response:**  Admit.

24. You received or are entitled to receive benefits pursuant to Medicare for medical bills alleged to have been incurred as a result of the incident described in your Complaint.

**Response:** Admit.

25. You have not entered into any private agreement with a medical treatment or service, or diagnostics provider related to their opting out of accepting Medicare payment for such treatment or services given to you.

**Response:**  Admit.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been provided to R. Gavin Mackinnon, Esq., counsel for Defendant, Holiday CVS, LLC, through the Florida Courts e-portal for Service of Court Documents at the following designated email addresses:  ORLpleadings@goldbergsegalla.com;  gmackinnon@goldbergsegalla.com and gjordan!goldbergsegalla.com on this 28th day of January, 2025.

_____
JAMES GOODNOW, ESQ.
Florida Bar No.: 635863
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 8th Floor
Tampa, Florida 33602
Telephone: (813) 223-0990
Email: jgoodnow@forthepeople.com
        jdonathan@forthepeople.com
        blake.kambic@forthepeople.com
*Attorneys for Plaintiff*

# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAENA TRIPP,
     Plaintiff,

-v-

                                    CASE NO.:  8:24-cv-02010-TPB-UAM

HOLIDAY CVS, LLC and
UNKNOWN STORE MANAGER,
     Defendants.

_____/

**NOTICE OF SERVING AMEDNED ANSWERS TO INTERROGATORIES**

COMES NOW the Plaintiffs, NAENA TRIPP, by and through her undersigned counsel,

pursuant to Florida Rules of Civil Procedure, and hereby files this Notice of Serving Answers to

Interrogatories propounded by the Defendant, Holiday CVS LLC, on or about December 10,

2024.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

email this 3rd day of June, 2025 to: R. Gavin Mckinnon, Esquire, Gregory E. Jordan, Esq.,

Goldberg Segalla LLP to ORLpleadings@goldbergsegalla.com;

gmackinnon@goldbergsegalla.com; gjordan@goldbergsegalla.com.

                                    /s/Michelle D Lambo, Esq
                                  Michelle D Lambo, Esquire
                                  Florida Bar No.: 668176
                                  Morgan & Morgan Tampa P.A.
                                  201 N Franklin Street, 7th Floor
                                  Tampa, FL 33602
                                  Tele: (813) 393-5460
                                  Fax: (813) 393-5484
                                  Mlambo@forthepeople.com;
                                  kmosher@forthepeople.com;
                                  sgainey@forthepeople.com
                                  *Attorney for Plaintiff*

## ANSWERS TO INTERROGATORIES

4.  Indicate whether you obtained medical treatment or services under a letter of protection and or whether any of your medical treatment is subject to a lien by any doctor or medical provider, if so, identify each in detail.

**ANSWER:  The Plaintiff obtained medical treatment under an assignment of benefits for the Physicians Group, LLC. Please see Plaintiff's Amended Response to the Defendant's Request for Production number forty-five. See attached medical records "23-09-28 Physicians Group Medical Records (430 pages total) See pages 128 – 131" that were previously provided in the Plaintiff's Response to the Defendant's Request for Production, request numbers 2, 3, & 4.**

7.   Pursuant to Florida Statutes section 768.0427(3)(c), if you received treatment or services under a letter of protection or similar, for each health care provider, indicate whether that health care provider sold the accounts receivable for your medical expenses to a factoring company or other third party, and if so, for each, indicate the following:
(a) the name of the factoring company or other third party who purchased such accounts,
(b) the dollar amount for which the factoring company or other third party purchased such accounts, including any discount provided below the invoice amount.
(c) whether, at the time medical treatment was rendered, you had health care coverage and, if so, the identity of such coverage.

**ANSWER:  (a) The Plaintiff is not aware of any providers selling the accounts receivable to any third party factoring companies.**
**(b) N/A**
**(c) The Plaintiff had healthcare coverage through Humana - Medicare**

19.  Pursuant to Florida Statutes section 768.0427(3)(e), if you were referred for treatment under a letter of protection, for each letter of protection, identify the following:
(a) The identity of the person who made the referral.
(b) If your answer to (a) is your attorney, identify the following for each treatment provider to whom you were referred for treatment under a letter of

protection:
(1) the number of referrals your attorney has made to that medical provider in the last 5 years,
(2) the frequency of referrals your attorney makes to that medical provider per year in the past 5 years, and
(3) the financial benefit your attorney has obtained by referring patients to that treatment provider in the last 5 years.

**ANSWER: (a) The Plaintiff was referred to the Physicians Group, LLC via an irrevocable payment agreement. The Plaintiff was referred by Cheryl at Clark Hartpence Law.**
**(b) Clark Hartpence Law does not know the exact number of referrals made to Physicians Group, LLC over the last five years.**
**(c) Clark Hartpence Law does not receive any financial benefit from any treatment provider for referring patients to said facility.**

Docusign Envelope ID: 8F5E5DA1-A5B0-4F81-9E81-67A287632945

## VERIFICATION UNDER FLORIDA STATUTES, § 92.525

Under penalties of perjury, I, NAENA L TRIPP, declare that I have read the foregoing Answers to Interrogatories, and that the facts stated in these answers are true and correct to the best of my knowledge and belief.

6/3/2025 | 4:55 PM EDT
_____

DATED

_____

NAENA L TRIPP