**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NAENA TRIPP,**
    **PLAINTIFF,**

    **v.**

                                    **CASE NO.: 8:24-cv-02010-TPB-LSG**

**HOLIDAY CVS, LLC,**
    **DEFENDANT.**

_____ /

## PLAINTIFF'S REPLY TO THE DEFENDANT'S MOTION IN LIMINE RE MEDICARE AND LETTERS OR PROTECTION AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Plaintiff, NAENA TRIPP, by and through her undersigned counsel, and files her Reply To The Defendant's Motion In Limine Re Medicare And Letters Of Protection And Supporting Memorandum Of Law asking this Court for an Order DENYING the Defendant's Motion in this case.

On October 14, 2022, Plaintiff Naena Tripp was involved in a trip and fall, sustaining significant and permanent injuries to her lumbar spine, left wrist and left hip. Plaintiff filed a negligence lawsuit in July 2024 against the named Defendant.

On March 24, 2023, after its passage in the Legislature, Governor Desantis signed H.B. 837 into law. H.B. 837 includes the newly formed section 768.0427, which purports to address the admissibility of evidence that can be presented to a jury to prove past and future medical treatment. Section 768.0427(2) Fla. Stat.

Plaintiff's medical treatment related to her negligence action includes physical therapy, injections, imaging, and an initial doctor visit four days after sustaining her injuries. Plaintiff's total trip and fall related medical expenses incurred to date total approximately $92,209.02, with those damages increasing with ongoing treatment. Plaintiff will also incur future medical expenses.

At all times, Plaintiff had Medicare, which was not accepted/billed  by all of her providers. Plaintiff intends to introduce evidence to the jury of the reasonable amounts billed to Plaintiff for medical necessary treatment and services provided to the Plaintiff in the past, pursuant to section 768.0427(2)(b)(5). Plaintiff also intends to provide evidence to the jury of the reasonable future amounts to be billed to the Plaintiff for medically necessary treatment and services in the future, pursuant to section 768.0427(2)(c)(3).

However, Plaintiff is not required to provide any of the evidence set forth in the other paragraphs under section 768.0427(2)(b)(1-4) or section (2)(c)(1-2).

Subsections (2)(b) and (2)(c) of section 768.0427, Fla. Stat. (2024), merely set forth the lists of admissible evidence for unpaid or future medical bills and Subsections (2)(b) and (2)(c) of section 768.0427 Fla. Stat. (2024), do not limit the evidence that may be offered by the Plaintiff at trial. The only limitation on evidence in section 768.0427 is the limitation for paid medical bills in subsection (2)(a). Subsections (2)(b) and (2)(c) of section 768.0427, Fla. Stat. (2024), are lists of

required evidence that Plaintiff must introduce at trial. . "In interpreting a statute, [a court's] task is to give effect to the words that the legislature has employed in the statutory text." Lab. Corp, of Am. v. Davis, 339 So. 3d 318, 323 (Fla. 2022).

Here, subsection (2) states: "Evidence offered to prove the amount of damages for past or future medical treatment or services in a personal injury or wrongful death action is admissible as provided in this subsection." Section 768.0427(2), Fla. Stat. (emphasis added). As shown above, subsection (2) uses the word "admissible." It does not use the word "required" or otherwise state that a plaintiff must introduce the listed evidence or else suffer a directed verdict. If the legislature had intended such a result, it would have made that intention clear. E.g., Crews v. State, 183 So. 3d 329, 335 (Fla. 2015) ("If the Legislature had intended such a meaning, it could easily have made such intention clear.").

For example, the United States Supreme Court has noted that "certain of the Federal Rules use the word 'shall' to authorize, but not to require, judicial action." De Martinez v. Lamagno, 515 U.S. 417, 432 n.9 (1995) (emphasis added). Likewise, the Florida Supreme Court has recognized that "the term 'shall' can be construed as 'must' or "may."' Allstate Ins. Co v. Orthopedic Specialists, 212 So. 3d 973, 978 (Fla. 2017). Indeed, "courts in virtually every English-speaking jurisdiction have held—by necessity—that shall means may in some contexts, and vice versa." Bryan A. Gamer, Garner's Dictionary of Legal Usage 952 (3d ed. 2011).

The Florida Supreme Court has explained that the interpretation of the word "shall" "depends upon the context in which it is found and upon the intent of the legislature as expressed in the statute." S.R. v. State, 346 So. 2d 1018, 1019 (Fla. 1977).

There are three contextual reasons why the word "shall" should be construed in its permissive, not mandatory sense:

1. As noted above, subsection (2) merely states that the listed evidence is "admissible." It does not use the word "required" or otherwise state that a plaintiff must introduce the listed evidence or else suffer a directed verdict.

2. The last category of admissible evidence under subsections (2)(b) and (2)(c) are catchall provisions that allow a party to admit "Any evidence…" of reasonable amounts billed or to be billed. Section 768.0427(2)(b)(5) and (2)(c)(5), Fla. Stat. (emphasis added). It would not make sense to interpret subsections (2)(b) and (2)(c) as setting forth required lists of evidence when one of the items on the lists is open-ended. To read either of these subsections as a required list would mean that a plaintiff would need to introduce every possible form of evidence, which is an absurd result. "Where a statute is open to multiple interpretations, Florida courts endeavor to avoid interpretations which would lead to absurd results." Hardee County v. FINR II, Inc., 221 So. 3d 1162, 1165 (Fla. 2017).

3. The word "shall" appears in the phrase "shall include but is not limited to." It is well settled that "[t]he verb to include introduces examples, not an exhaustive

list." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 15, at 132 (2012). Although the mere use of the word "include" is sufficient to convey a non-exhaustive list, adding the phrase "but is not limited to" further emphasizes the point. E.g., White v. Mederi Caretenders Visiting Servs. Of Se. Fla., LLC, 226 So. 3d 774, 783 (Fla. 2017)("The qualifying phrase 'includes, but is not limited to' made clear that the Legislature intended to allow the protection of more interests than simply those set Forth in the non-exhaustive list."). Because the lists in subsections (2)(b) and (2)(c) are not an exhaustive list, they should not be construed as lists of required evidence.

This Court should also keep in mind that the Florida Legislature did not write subsections (2)(b) and (2)(c) on a blank slate. To the contrary, "the common law can, and sometimes must, inform the proper understanding of a statutory text." C.N. v. I.G.C., 316 So. 3d 287, 290 (Fla. 2021).

Indeed, the Florida Supreme Court has recognized "the importance of reading statutes with an awareness of and sensitivity to background common law rules," and it has explained that "[c]ommon law rules might also inform the correct interpretation and application of statutory provisions themselves." Ripple v. CBS Corp., 385 So. 3d 1021, 1028 (Fla. 2024).

Here, the relevant common law rule is the evidentiary collateral-source rule. It provides that "payments from collateral source benefits are not admissible

because such evidence may confuse the jury with respect to both liability and damages." Joerg v. State Farm Mat. Auto Ins., 176 So. 3d 1247, 1249 (Fla. 2015). For example, courts have applied the collateral-source rule to exclude evidence of insurance benefits. Id., at 1249. Courts have also applied the collateralsource rule to exclude "evidence of social legislation benefits such as those received from Medicare, Medicaid, or Social Security." Id., at 1250 (collecting cases).

The legislature acted against this backdrop when it enacted subsections (2)(b) and (2)(c) of Section 768.0427. Indeed, whereas the collateral-source rule would have excluded evidence of insurance, subsections (2)(b) and (2)(c) now authorize in certain circumstances the admission of evidence of what insurance is obligated to pay for medical bills. Similarly, whereas the collateral-source rule would have excluded evidence of Medicare or Medicaid benefits, subsection (2)(b)(3) and (2)(c)(2) now authorize in certain circumstances the admission of "evidence of 120 percent of the Medicare reimbursement rate…" or "170 percent of the applicable state Medicaid rate…" Section 768.0427(2)(b)(3) and (2)(c)(2), Fla. Stat.

In short, subsections (2)(b) and (2)(c) were enacted to supersede the evidentiary collateral source rule in certain circumstances and render admissible certain evidence that would have otherwise been excluded by the rule. This understanding further demonstrates that subsections (2)(b) and (2)(c) do not set forth

lists of evidence that a plaintiff is required to introduce or else suffer a directed verdict.

Another relevant background principle of law is "the general canon of evidence that any fact relevant to prove a fact in issue is admissible into evidence unless its admissibility is precluded by some specific rule of exclusion." <u>Williams v. State</u>, 110 So. 2d 654, 658 (Fla. 1959). If the legislature intended to overrule that principle of common law, it needed to do so clearly. *E.g., Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts* § 52 (2012) ("A statute will be construed to alter the common law only when that disposition is clear."). "The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard. Unless a statute unequivocally states that it changes the common law or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law." <u>Thornberv. City of Ft. Walton Beach</u>, 568 So. 2d 914, 918 (Fla. 1990); accord <u>Emerson v. Lambert</u>, 374 So. 3d 756, 768 n.15 (Fla. 2023).

As the Florida Supreme Court has explained, "a material variation in terms suggests a variation in meaning." <u>Thompson v. DeSantis</u>, 301 So. 3d 180, 186 (Fla. 2020). Accordingly, the fact that the legislature expressly limited the evidence for paid medical bills in subsection (2)(a) but did not do so for unpaid medical bills in subsection (2)(b) or future medical bills in subsection (2)(c), indicates that there is

no limitation on evidence for unpaid or future bills. See, e.g., USAA Cas. Ins. V. Emergency Physicians, Inc., 393 So. 3d 257, 261 (Fla. 5th DCA 2024) ("[W]hen the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally." (citation omitted)).

Any contrary reading would render useless the catchalls in subsections (2)(b)(5) and (2)(c)(3). After all, these remaining categories capture every possible factual circumstance. If Plaintiff were limited to one of the categories, then what would be the purpose of the catchalls? "[A] basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." State v. Knighton, 235 So. 3d 312, 316 (Fla. 2018)(citation omitted). Courts are "required to give effect to 'every word, phrase, sentence, and part of the statute, if possible, and words in a statute should not be construed as mere surplusage.'" Id. (citation omitted).

Other courts have looked at this issue and have adopted the Plaintiff's view of this statute. Plaintiff would direct the Court to the following Orders (attached to this Motion as composite Exhibit A):

- In the case of Beyenka v. Pyle, Case No. 2023-CA-009204 (April 21, 2025), Judge James H. Daniel found that section 768.0427(2) does not create a burden of production on the plaintiff and does not limit evidence of unpaid past medical bills.

- In the case of <u>Steiger v. Murali</u>, et al., Case No. 2023-CA-482 (Nov. 20, 2024), Judge David Frank found that Plaintiff was entitled to present evidence of the full amount of her past and future medical bills, and that subsection (2)(b) and (2)(c) did not impose an additional burden on the plaintiff to prove anything else.

- In the case of Grant v. Cartwright, Case No. 23002644-CA (Feb. 25, 2025), Judge Geoffrey H. Gentile found that Plaintiff is not required to prove Medicare numbers pursuant to the subject statute, and that while Defendant could admit such evidence, Plaintiff was not required to do so.

In alignment with the courts above, this Court should find that Section 768.0427(2)(b) and (2)(c) do not limit the evidence that may be offered by Plaintiff to prove her past or future medical bills, nor do these sections require that Plaintiff present any of the other lists of evidence to prove either her past or future medical bills.

If this Court were to interpret subsections (2)(b) and (2)(c) as setting forth lists of evidence that Plaintiff is required to introduce or else suffer a directed verdict (which it should not), then the statute would be untenable. Providing such evidence, especially as to future medical bills, would be impossible, as by its very nature it involves information that is not readily available to a plaintiff or that is unknowable.

2026 Florida House Bill No. 1553, Florida One Hundred Twenty-Eighth Regular Session was filed on January 9, 2026, proposes revising provisions relating to evidence that is admissible to demonstrate past and future medical expenses in

personal injury and wrongful death actions. (attached to this Motion as Exhibit B) The proposed amendments are intended to clarify existing law thus requiring a reading of subsection (2) of section 768.0427 Fla. Stat. (2024) in the way proposed by the Plaintiff in her Reply To The Defendant's Motion To Determine The Admissibility Of Past And Future Medical Expenses Evidence At Trial Under Section 768.0427.

WHEREFORE, the Plaintiff, NAENA TRIPP, respectfully moves this Court for the entry of an order denying the Defendant's Motion in Limine Re Medicare and Letters of Protection and for such other relief as this Court deems just and proper.

DATED: 01/16/2026                Respectfully submitted,

/s/Michelle D. Lambo, Esq.
MICHELLE D LAMBO, ESQUIRE
Florida Bar No.: 668176

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been provided to R. Gavin Mackinnon, Esq., counsel for Defendant, Holiday CVS, LLC, through the Florida Courts e-portal for Service of Court Documents at the following designated email addresses: ORLpleadings@goldbergsegalla.com; gmackinnon@goldbergsegalla.com and gjordan@goldbergsegalla.com on this 16th day of January 2026.

Respectfully submitted,

s/Michelle D Lambo, Esq.
Michelle D Lambo, Esquire
Florida Bar No.: 668176
Morgan & Morgan Tampa P.A.
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 393-5460
Fax: (813) 393-5484
Mlambo@forthepeople.com
Kmosher@forthepeople.com
Sgainey@forthepeople.com
*Attorney for Plaintiff*